**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

OCT 0 4 2006

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 06 C 5 0 1 78 |
| v. | |
| WOODWARD GOVERNOR COMPANY, | COMPLAINT |
| Defendant. | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and national origin and to provide appropriate relief to Van Avant, Larry Bates, Demetric Bell, Marilyn Berry, Cathy Brown, Kimberly Buchanan, D. Todd Christopher, Hershey Ellis, Gregory Ford, Gilberto Gonzalez, Antwon Hodges, Timothy Link, Eddie Manning, Detroy Marshall, Kim Nachampassak, Duane Parks, Joyce Polk, Brenda Riley, Darnell Royal, Robin Sallis, Velma Sanders, Pang Sati, Barbara Smith, Tony Triplett, Jose Vargas, Ruth Virgen, Dorothy Wallace, Janet Wilkins, Lecie Wright and a class of Black, Hispanic, or Asian employees who were adversely affected by such practices. EEOC alleges that Woodward Governor Company engaged in a pattern or practice of discrimination at its Rockford and Rockton, Illinois facilities, by paying Black, Hispanic, and Asian employees less than similarly situated white employees; failing to promote Black, Hispanic, and Asian employees; and denying training to Black, Hispanic, and Asian employees.

In addition, this is an action under Title VII and the Equal Pay Act of 1963, 29 U.S.C. §

206 et seq. ("EPA"), to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Noreen Edmondson, Tonya Kahly, Sally McCabe, Robin Sallis, Janet Wilkins, Lecie Wright and a class of female employees who were adversely affected by such practices. EEOC alleges that Defendant engaged in a pattern or practice of discrimination at its Rockford and Rockton, Illinois facilities, by paying female employees less than similarly situated male employees; failing to promote female employees; and denying training to female employees, in violation of Title VII. EEOC further alleges that Defendant engaged in a pattern or practice of discrimination in violation of the EPA by paying female employees less than male employees for performing substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 271, to enforce the requirements of the EPA, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and (6). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and (6).

4. At all relevant times, Defendant Woodward Governor Company ("Defendant" or "Woodward"), has continuously been a Delaware corporation, doing business in the State of Illinois in the cities of Rockford and Rockton, and has continuously had at least 15 employees.

5. At all relevant times, Woodward has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Van Avant, Larry Bates, Demetric Bell, Marilyn Berry, Cathy Brown, Kimberly Buchanan, D. Todd Christopher, Hershey Ellis, Gregory Ford, Gilberto Gonzalez, Antwon Hodges, Timothy Link, Eddie Manning, Detroy Marshall, Kim Nachampassak, Duane Parks, Joyce Polk, Brenda Riley, Darnell Royal, Robin Sallis, Velma Sanders, Pang Sati, Barbara Smith, Tony Triplett, Jose Vargas, Ruth Virgen, Dorothy Wallace, Janet Wilkins, and Lecie Wright ("Minority Charging

3

Parties") filed charges of discrimination with the Commission alleging violations of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. More than thirty (30) days prior to the institution of this lawsuit, Noreen Edmondson, Tonya Kahly, Sally McCabe, Robin Sallis, Janet Wilkins, and Lecie Wright ("Female Charging Parties") filed charges of discrimination with the Commission alleging violations of Title VII and the EPA. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 1999, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a), at its Rockford and Rockton, Illinois facilities. Such unlawful employment practices include, but are not limited to:

(a) compensating the Minority Charging Parties and a class of Black, Hispanic, and Asian employees less than similarly situated white employees because of their race or national origin;

(b) compensating the Female Charging Parties and a class of female employees less than similarly situated male employees because of their sex;

(c) failing to promote the Minority Charging Parties and a class of Black, Hispanic and Asian employees because of their race or national origin;

(d) failing to promote the Female Charging Parties and a class of female employees because of their sex;

(e) denying the Minority Charging Parties and a class of Black, Hispanic, and Asian employees training because of their race or national origin; and

(f) denying the Female Charging Parties and a class of female employees

training because of their sex.

11. The effect of the practices complained of in paragraph 10 above has been to deprive the Minority Charging Parties and a class of Black, Hispanic, and Asian employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race or national origin.

12. The effect of the practices complained of in paragraph 10 above has been to deprive the Female Charging Parties and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

13. The unlawful employment practices complained of in paragraph 10 above were and are intentional.

14. The unlawful employment practices complained of in paragraph 10 above were and are done with malice or with reckless indifference to the federally protected rights of the Minority Charging Parties and a class of Black, Hispanic, and Asian employees.

15. The unlawful practices complained of in paragraph 10 above were and are done with malice or with reckless indifference to the federally protected rights of the Female Charging Parties and a class of female employees.

16. Since at least 2003, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

17. Since at least 2002, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to the Female Charging Parties and a class of female employees at its Rockford and Rockton, Illinois facilities, at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs

the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

18. As a result of the acts complained of in paragraph 17 above, Defendant unlawfully has withheld and is continuing to withhold the payment of wages due to the Female Charging Parties and a class of female employees.

19. The unlawful practices complained of in paragraph 17 above were and are willful.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race, national origin, or sex;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of race, national origin, or sex, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed;

D. Order Defendant to make whole the Minority Charging Parties and a class of Black, Hispanic, and Asian employees, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to pay increases and promotions;

E. Order Defendant to make whole the Female Charging Parties and a class of female employees, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to pay increases and promotions;

F. Grant a judgment requiring Defendant to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including the Female Charging Parties and a class of female employees;

G. Order Defendant to make whole the Minority Charging Parties and a class of Black, Hispanic, and Asian employees by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices in amounts to be determined at trial;

H. Order Defendant to make whole the Female Charging Parties and a class of female employees by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices in amounts to be determined at trial;

I. Order Defendant to make whole the Minority Charging Parties and a class of Black, Hispanic, and Asian employees by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

J. Order Defendant to make whole the Female Charging Parties and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from those unlawful employment practices, including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

7

K.     Order Defendant to pay the Minority Charging Parties and a class of Black, Hispanic, and Asian employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

L.     Order Defendant to pay the Female Charging Parties and a class of female employees punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

M.     Grant such further relief as this Court deems necessary and proper in the public interest; and

N.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Ronald Cooper
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Ann Henry
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-8558